IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Richard Walker, Jr., #188417 ) | C/A No. 3:15-3776-JMC-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| News 19 (wltv), ) | |
| Defendant. ) | |

David Richard Walker, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Lexington County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges he is suing the News 19 (wltv) in Columbia, South Carolina, for violating slander and libel laws. [Doc. 1 at 2.] Specifically, he alleges the following facts. On or about March 5, 2013, Defendant broadcasted that Plaintiff had strangled and beat to death his girlfriend inside a residence while their daughter was also inside. [Doc. 1.]

Plaintiff contends that the broadcasted information was untrue. [*Id.*] He further alleges that Defendant's misconduct constitutes slander, libel, and defamation, which damaged his reputation and relationships. [*Id.*] He seeks damages. [*Id.*]

This Court takes judicial notice that Plaintiff was arrested on March 4, 2013, for murder. *See* Lexington County 8th Judicial Circuit Public Index, http://cms.lex-co.com/SCJDWeb/PublicIndex/PISearch.aspx, (enter "David Richard Walker" and "search," click on "2013A3221100569," and click "Charges") (last visited October 13, 2015); *see also*

*Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal

construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed for failure to state a claim on which relief may be granted. Plaintiff does not sue a person who acted under the color of state law. It is well settled that inanimate objects such as buildings, facilities, and grounds do not qualify

3

as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Therefore, because the News 19 (wltv) may be considered an inanimate object, staff, or a group of people, it should be dismissed.

Further, if Plaintiff had named a person who committed the alleged defamation, this action should still be dismissed for failure to state a claim on which relief may be granted. Plaintiff cannot bring his defamation, slander, and libel[1] claims in this federal court pursuant to § 1983. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of

---

[1]Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast." Black's Law Dictionary (9th ed. 2009). Defamation is the "act of harming the reputation of another by making a false statement to a third person." *Id.*

care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989).

Also, to the extent Plaintiff merely seeks to assert state law claims of defamation, slander, and libel in this Court, he may do so if diversity jurisdiction is satisfied. A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, Plaintiff appears to allege that both parties are domiciled in South Carolina. Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

October 14, 2015                                         S/Jacquelyn D. Austin
Greenville, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).