**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| David Richard Walker, Jr., #188417, | ) | |
| | ) | Civil Action No. 3:15-cv-03776-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order** |
| | ) | |
| News 19 (wltv), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

David Richard Walker, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff is currently detained in the Lexington County Detention Center ("LCDC"). (ECF No. 11 at 1.) Specifically, Plaintiff alleges that News 19 (wltv) ("Defendant") has violated slander, libel, and defamation laws and he accordingly seeks damages. (Id.)

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed in forma pauperis if they are frivolous or malicious, if they fail to state a claim upon which relief can be granted, or if they seek monetary relief against a defendant who is immune. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On October 14, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed without prejudice, without issuance, and without service of process. (ECF No. 11.) The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). If the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Here, the court will assume that Plaintiff's Objections to Report and Recommendation, (ECF No. 14), were timely filed.[1] In his objections, Plaintiff claims that he should be able to sue Defendant as a corporation and he claims that the Magistrate Judge erred by defining Defendant as an object. (Id. at 2.) In contrast, the Magistrate Judge noted that Defendant could be defined as either an inanimate object, staff, or group of people, all of which would not be considered a

---

[1] The envelope, containing Plaintiff's objections, was time-stamped when the clerk received it, but it was not time-stamped when it was mailed by the prison. (See ECF No. 14-2.) Because of this issue, the court will assume that the date Plaintiff listed on his letter, October 25, 2015, was proper. (ECF No. 14-1.)

"person" under 42 U.S.C. 1983. (See ECF No. 14 at 3-4.) Plaintiff fails to specifically object to this finding and cites no authority supporting his implicit proposition that a corporation can be considered a person acting under the color of state law, pursuant to 42 U.S.C. 1983.[2] Additionally, Plaintiff claims that "individual(s)" working for Defendant conspired to defame him. (ECF No. 14 at 2.) Notably, Plaintiff does not offer any authority to contradict the Magistrate Judge's finding that groups of people cannot be sued under 42 U.S.C. 1983. (ECF No. 11 at 4.)

Furthermore, Plaintiff states that the actions of Defendant caused others to retaliate or seek revenge against him and he seems to suggest that the alleged defamation led to a violation of his constitutional rights. (See ECF No. 14 at 2-3.) Despite these claims, Plaintiff fails to specifically object to the Magistrates Judge's finding that "an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983." (ECF No. 11 at 4 (citing Paul v. Davis, 424 U.S. 693, 697-710 & nn.3-4 (1976)).) Because Plaintiff failed to properly object to the report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. The court does not find clear error.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 11). It is therefore ordered that Plaintiff's Complaint (ECF No. 1) is

---

[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).

**DISMISSED** without prejudice, without issuance, and without service of process.

      **IT IS SO ORDERED.**

United States District Judge

October 28, 2016
Columbia, South Carolina